**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 25-1356

In re:  CAROLYN BOSTICK,

        Petitioner.

On Petition for Writ of Mandamus to the United States Bankruptcy Court for the District of Maryland, at Greenbelt.  (24-10724)

Submitted:  April 17, 2025                                                  Decided:  April 29, 2025

Before GREGORY, QUATTLEBAUM, and HEYTENS, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Carolyn Bostick, Petitioner Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carolyn Bostick petitions for a writ of mandamus seeking an order (1) staying the disbursement or liquidation of proceeds from the sale of her home; (2) ordering the release of exempt or undisputed proceeds to her; (3) vacating various orders of the bankruptcy court; (4) requiring the bankruptcy court to provide her with requested accommodations; (5) reassigning her bankruptcy case to a different judge and a different trustee; and (6) awarding her restitution for the loss of her property and any claims compromised by the misconduct she alleges. We conclude that Bostick is not entitled to mandamus relief.

Mandamus relief is a drastic remedy and should be used only in extraordinary circumstances. *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380 (2004); *In re Murphy-Brown, LLC*, 907 F.3d 788, 795 (4th Cir. 2018). Further, mandamus relief is available only when the petitioner has a clear right to the relief sought and "has no other adequate means to attain the relief [he] desires." *Murphy-Brown*, 907 F.3d at 795 (alteration and internal quotation marks omitted). And mandamus may not be used as a substitute for appeal. *In re Lockheed Martin Corp.*, 503 F.3d 351, 353 (4th Cir. 2007). Upon review, we conclude that the relief Bostick seeks is not available by way of mandamus. Accordingly, we deny the petition for writ of mandamus.

Bostick has also moved for a stay of proceedings in the bankruptcy court. Because she has failed to make a clear showing that a stay is warranted, *see United States v. Texas*, 144 S. Ct. 797, 798 (2024) ("Deciding whether to grant a stay pending appeal requires consideration of . . . four . . . factors, which include an assessment of the applicant's likelihood of success on the merits."), we deny Bostick's motion for a stay of the

bankruptcy court proceedings.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*